## No. 611

## GALLIER v. GALLIER

Ohio Appeals, 6th Dist. Lucas Co.

No. 1860. Decided May 2, 1927.

**1265. WEIGHT OF EVIDENCE.**—Unanimous action of Court of Appeals required to reverse judgment on weight of evidence.

(Below is published the full opinion in this case).

**First Publication of this Opinion**

RICHARDS, J

On August 12th, 1926, the defendant in error, Pearl Gallier, commenced an action for divorce against the plaintiff in error, based on the ground of extreme cruelty. The defendant in the trial court challenged the jurisdiction of the court, based on the claimed nonresidence of the plaintiff, and, after that contention was decided against him, filed an answer and cross-petition denying the allegations of the petition and asking a divorce from the plaintiff upon the ground of gross neglect of duty and adultery. The trial court dismissed the cross-petition of James Gallier, granted a divorce to Mrs. Gallier on the ground of extreme cruelty and awarded her as alimony an undivided one-half of a tract of eighty acres of land, situated in Wood County and $1,500.00 in money, together with all her personal belongings, gifts and keepsakes.

It is contended, as ground for reversal, that plaintiff in the trial court never had a bona fide residence in Lucas County and was not, under the evidence, entitled to a divorce; and that the amount awarded as alimony is manifestly contrary to the weight of the evidence.

It would serve no useful purpose to review the evidence in detail. The evidence shows that plaintiff and her husband lived for many years in Wood County and that after their separation she rented a room, on July 1st, 1926, in the city of Toledo. She claims to have then become a resident of Lucas County. A majority of the court are of opinion that the finding by the trial judge that she became a bona fide resident of Lucas County prior to the filing of the petition is manifestly against the weight of the evidence. Judge Lloyd and myself are of the opinion that evidence discloses she only occupied, for a few days before she filed the petition for the divorce, the room that she had rented, and never established a bona fide residence in Lucas County.

A majority of the court, consisting of Judge Lloyd and myself are also of the opinion that the finding by the trial court that she was entitled to a divorce for the claimed extreme cruelty of her husband is manifestly against the weight of the evidence. However, it requires unanimous action of the Court of Appeals to reverse a judgment on the weight of the evidence, and for this reason the judgment is not reversed on the above grounds.

The court is unanimously of the opinion that, even assuming the plaintiff entitled to a divorce, the amount allowed by the trial court is grossly excessive and manifestly against the weight of the evidence. For that reason the judgment as to the amount of alimony is reversed and the cause remanded for retrial as to the amount of alimony to be awarded the plaintiff. Judge Lloyd and myself are of the opinion that the plaintiff was not entitled to an allowance of alimony under the showing made in the record, but on that also it requires unanimous action of the Court of Appeals to reverse the judgment.

Because of the inability of the court to reverse a judgment on the weight of the evidence without unanimous action, the judgment granting the divorce will be affirmed and the finding that the plaintiff is entitled to alimony will be affirmed, but the judgment will be reversed as to the amount of alimony and remanded for retrial on that issue.

Judgment accordingly.

(Williams, J. concurs in judgment; Richards and Lloyd, JJ., concur in the reversal as to the amount of alimony but dissent from the judgment finding that the court had jurisdiction and that the plaintiff was entitled to a divorce.)

Attorneys—Curtis T. Johnson and Edward M. Price for plaintiff in error; Earl D. Bloom, Harold F. Miller and Messers. Fraser, Hiett, Wall & Effler for defendant in error.